**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| H. SCOTT GURVEY and AMY R. GURVEY,<br><br>Plaintiffs,<br><br>v.<br><br>HONORABLE GLENN A. GRANT, et al.<br><br>Defendants. | Civil Action No. 21-16397(SDW)(JSA)<br><br>**WHEREAS OPINION**<br><br>September 8, 2021 |

**THIS MATTER** having come before this Court[1] upon the filing of Plaintiffs H. Scott Gurvey and Amy R. Gurvey's (collectively, "Plaintiffs") Complaint and Motion for Order to Show Cause, and this Court having considered Plaintiffs' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78; and

**WHEREAS** Plaintiffs are parties to two separate lawsuits in the New Jersey state court, both of which involve the foreclosure on Plaintiffs' home in Montclair, New Jersey by Defendant M&T Bank ("M&T"). The first suit was initiated by Plaintiffs against M&T in the Superior Court of New Jersey, Essex County, Law Division (Dkt. No. ESX-L-4337-17) ("State Action"), to challenge M&T's basis for foreclosing. That action is currently scheduled to go to trial on October

---

[1] As an initial matter, this Court notes that Plaintiffs filed a letter requesting that a different judge be assigned to this case. (*See* D.E. 3.) Plaintiffs do not allege that I am biased or conflicted from hearing this matter, rather, the sole basis for their request appears to be that I entered an order adopting a Report and Recommendation from Magistrate Judge Cathy L. Waldor in Civil Action No 18-12701 without considering their opposition brief. (*Id.*) It is true that, because of a delay in docketing Plaintiffs' brief, I issued my initial order without considering Plaintiffs' opposition. However, as Plaintiffs are aware, after their brief was docketed, I reviewed their arguments and issued a revised order. (*See* D.E. 19.) This being the only basis for Plaintiffs' request, I see no grounds to recuse myself from this case.

25, 2021.[2]  The second suit is M&T's formal foreclosure action against Plaintiffs in the Superior Court of New Jersey, Essex County, Chancery Division (Dkt. No. SWC-F-014035-18) ("Foreclosure Action");[3] and

**WHEREAS** Plaintiffs now bring suit in this Court seeking injunctive relief as to those two matters.  Specifically, Plaintiffs argue that the electronic filing system in place in the New Jersey Superior Court ("eCourts") violates their federal and state constitutional, statutory, and common law rights because it prevents them, as *pro se* litigants, from immediately filing documents electronically, which they contend hinders their ability to effectively prosecute their claims and/or defend their interests.  (*See generally* D.E. 1.)  As a result, Plaintiffs ask this Court "to grant Plaintiffs immediate access to eCourts," to vacate the Foreclosure Action, and to declare the eCourts system unconstitutional.  (*See* D.E. 1 *generally* and ¶ 25); and

**WHEREAS** a party seeking a preliminary injunction pursuant to Rule 65 must show: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010)) (internal quotation marks omitted); *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017); *Ferring Pharm., Inc.*

---

[2] Plaintiffs subsequently filed suit in this Court alleging the same essential facts and raising the same legal claims as the State Action. (*See Gurvey v. M&T Bank*, Civ. No. 20-7831.)  This Court dismissed that action on abstention grounds on December 17, 2020 and denied Plaintiffs' motion for reconsideration on February 4, 2021.  (*See* Civ. No. 20-7831 D.E. 20, 21, 27, 28.)  That matter is closed, but Plaintiffs have moved to vacate the judgment and to amend their complaint.

[3] Plaintiffs unsuccessfully attempted to remove the Foreclosure Action to this Court, and it was remanded on March 29, 2019.  (*See* Civ. No. 18-12702, D.E. 1, 14, 15, 16, 19.)  Their appeal to the Third Circuit was dismissed. (*See* Civ. No. 18-12702 D.E. 22, 26; *see also* D.E.18-1 Ex. D (indicating that the Third Circuit dismissed the appeal on July 25, 2019 and denied Plaintiffs' petition for en banc and panel rehearing on August 21, 2020).) Default was entered against Plaintiffs in that matter and their attempt to vacate the default and have the case dismissed was unsuccessful.

*v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014).  The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits elements of the standard" instructing that it will not "'sustain a preliminary injunction ordered by the district court where either or both of [those] prerequisites are absent.'"  *Scholastic Funding Grp., LLC v. Kimble*, Civ. No. 07-557, 2007 WL 1231795, at *10 (D.N.J. Apr. 24, 2007) (quoting *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990)); *see also The Doris Behr 2012 Irrevocable Trust v. Johnson & Johnson*, Civ. No. 19-8828, 2019 WL 1519026, at *3 (D.N.J. Apr. 8, 2019).  "Delay in filing the OTSC undermines any arguments of immediate irreparable harm." *Doris Behr*, 2019 WL 1519026 at *4; and

**WHEREAS** Plaintiffs have not shown irreparable harm because they are not precluded from filing documents in either state court case, rather, they are merely prevented from accessing the eCourts system in the same way registered attorneys do.  Although Plaintiffs' filings are not immediately accessible to the state court or opposing counsel, those documents do become available, and nothing precludes Plaintiffs from showing that they timely filed documents for the court's consideration.  In addition, Plaintiffs filed the State Action in 2017 and have been subject to the limits of the eCourts system since that time yet waited four years after they initiated suit to seek injunctive relief.[4]  Because the element of irreparable harm requires a showing of imminent injury that must be remedied by expedited relief, Plaintiffs' delay is a sufficient and independent reason to reject their application for an injunction.  *See, e.g.*, *EMSL Analytical, Inc. v. Testamerica Analytical Testing Corp.*, Civ. No. 05-5259, 2006 WL 892718, at *12 (D.N.J. Apr. 4, 2006)

---

[4] Plaintiffs also failed to avail themselves of the state court appellate process.  Any alleged failure on the state court's part to properly consider materials submitted by Plaintiff should be raised on appeal in the appropriate state tribunal.

(recognizing that "[w]here a Plaintiff delays in seeking preliminary injunctive relief, such delay is evidence that speedy relief is not needed");

**WHEREAS** for the reasons set forth above, this Court will deny Plaintiffs' motion;

**IT IS, on this 8th day of September, 2021,**

**ORDERED** that Plaintiffs' Motion for Order to Show Cause is **DENIED**.

**SO ORDERED**.

                                      /s/ Susan D. Wigenton  
                                   **United States District Judge**

Orig:   Clerk  
cc:     Jessica S. Allen, U.S.M.J.  
        Freda L. Wolfson, Chief Judge  
        Parties