<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| H. SCOTT GURVEY and AMY R. GURVEY,<br><br>        Plaintiffs,<br><br>v.<br><br>HONORABLE GLENN A. GRANT, et al.<br><br>        Defendants. | Civil Action No. 21-16397(SDW)(JSA)<br><br>**WHEREAS OPINION**<br><br>October 1, 2021 |

**THIS MATTER** having come before this Court upon the filing of Plaintiffs H. Scott Gurvey and Amy R. Gurvey's (collectively, "Plaintiffs") Motion for Reconsideration of this Court's September 8, 2021 decision denying Plaintiffs' Motion for Order to Show Cause (D.E. 4), and this Court having considered Plaintiffs' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78; and

**WHEREAS** Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015). A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A party moving for reconsideration must set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations

omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000).  Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** the Court's decision denying Plaintiffs' Motion for Order to Show Cause was entered on September 8, 2021.  (D.E. 4.)  Plaintiffs did not file their Motion for Reconsideration until September 29, 2021, twenty-one days later.  Therefore, this Court will deny Plaintiffs' motion as untimely.[1]  An appropriate order follows.

                                                                                                   /s/ Susan D. Wigenton
                                                                                      **United States District Judge**

Orig:   Clerk
cc:     Jessica S. Allen, U.S.M.J.
          Parties

---

[1] Even if this Court were to reach the merits of Plaintiffs' motion, they have failed to articulate any substantive grounds for reconsideration.  Rather, Plaintiffs, once again, merely reiterate allegations made in prior filings.