H. SCOTT GURVEY
AMY GURVEY
*PRO SE* PLAINTIFFS
315 Highland Avenue
Upper Montclair, New Jersey 07043
amygurvey@gmail.com
PH: (973) 655-0991
cell 917-733-9981

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY

2022 MAR 11 A 9:58

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

_____X

H. SCOTT GURVEY & AMY R. GURVEY
    Plaintiffs PRO SE,

                              CASE NOS.
                              DNJ 18-cv-12702 (SDW)
                              DNJ 20-cv-07831 (SDW)
                              *DNJ 21-cv-16397 (SDW)

                              ORDER TO SHOW CAUSE
                              TO VACATE ORDERS OF
                              DISQUALIFIED JUDGE,
                              CONSOLIDATE DNJ CASES AND
                              TO SCHEDULE OSC HEARING

                v.

HON. GLENN A. GRANT, HON(S). THOMAS MOORE,
WAYNE RICHARDSON, JODI LEE ALPER,
ESSEX COUNTY/BOARD OF COUNTY COMMISSIONERS,
M&T NEW YORK BANKING CORPORATION, SCHILLER,
KNAPP, LEFKOWITZ & HERTZEL, LLP A LATHAM NEW YORK
DEBT COLLECTOR, REED SMITH, LLP, AARON BENDER,

    Defendants.
_____X

```
                                           X
```
H. SCOTT GURVEY;
MRS. H. SCOTT GURVEY
AMY GURVEY,
PRO SE Plaintiffs
    Foreclosure Defendants.

                             [ESSEX COUNTY SUPERIOR
                             COURT NEW JERSEY]

                             [LAW DIVISION ESX-L-04337-17]

                             [CHANCERY DIVISION F-014035-18]

v.

M&T BANK S/B/M TO
HUDSON CITY SAVINGS BANK,
    Defendant/Foreclosure Plaintiff.

```
                                           X
```

**PLEASE TAKE NOTICE** that based on:

(1) The proceedings heretofore had and the recent disqualification of DNJ Judge Susan D. Wigenton ordered by Chief Administrative Judge Freda Wolfson based on an undisclosed stock interest in defendant M&T Bank;

(2) Because the orders entered after Judge Wigenton's disqualification was mandatory in 2017 must be vacated as a matter of law in all three captioned lawsuit and the court was required to maintain the illegal foreclosure action removed to this Court by Plaintiffs based on defects in removal procedure;

(3) Because *PRO SE* Plaintiffs H. SCOTT GURVEY and AMY GURVEY's Amended Complaint in Case No. 21-cv-16397 (DNJ) (**Exhibit 1**) was

granted for service by Judge Wolfson and reassigned to Hon. Madeline Cox Arleo;

(4) Because all three lawsuits emanate from the same nucleus of operative facts and defendant M&T's breaches of contract and predatory statutory violations prior to Plaintiffs' priority lawsuit being filed against defendant M&T in the Essex County Law Division on June 17, 2017;

(5) Because defendant debt collector, Schiller, Knapp, Lefkowitz & Hertzel, LLP continues to engage in violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 USC §1692, and unprivileged defamation of Plaintiffs by posting false notices in newspapers and with debt collection agencies that Petitioners are in default and that a sheriff's sale - **already adjourned by the State[1] - is still scheduled for March 15, 2022 when the new date is May 10, 2022 (Exhibit 2)** [2] creating an imminent emergency:

**LET THE DEFENDANTS SHOW CAUSE** before this Court on the _____ day of March, 2022 at the Courthouse located at 50 Walnut Street,

---

[1] On, the Essex County Sheriff's Chancery Office adjourned the lis pendens sale until May 10, 2022; and when the most previous press releases and notices were sent to Plaintiffs that the sale was going forward on March 15, 2022, defendant had due notice of the adjournment.

[2] Defendant M&T has been twice sanctioned by the Third Circuit for securities fraud, consumer fraud and money laundering during the merger proceedings, *Jaroslawicz v. M&T Bank*, 912 F.3d Cir 96 (2018); 962 F. 3d 701 (3d Cir 2020). This matter is now before the US Supreme Court with M&T conceding it engaged in securities fraud, consume fraud and money laundering, but only challenging the standard to be applied during an interstate bank merger.

Newark, New Jersey 01701 or AT A ZOOM HEARING on March _____, 2022 why an order based on *Korea Exchange Bank, NY Branch v. Trackwise Sales Corporation*, 66 F. 3d 46 (3d Cir. 1995), *Zebrowski v. Wells Fargo Bank*, 657 F. Supp. 2d 511 (DNJ 2009); *Green Tree Servicing v. Cargille*, 662 Fed. Appx. 118 (2016) and *Gonzalez v. Wilshire Credit Corporation*, 202 NJ 347 (2010) should not be immediately entered as follows:

    (a) Vacating the improper remand order entered by former Judge Wigenton entered April 1, 2019 in response to Plaintiffs' August 2018 removal action, 18-12702 (DNJ), and ordering that the illegal foreclosure complaint be removed back to this Court for adjudication based on diversity and federal question jurisdiction;

    (b) Ordering that all orders of Judge Wigenton entered in the three lawsuits filed by Plaintiffs be vacated and that the cases be consolidated for adjudication;

    (c) Ordering that the sheriff's sale be permanently stayed pending adjudication of the removed foreclosure action by this Court;

    (d) Ordering that a hearing be scheduled on these matters to update the new Judge.

**GOOD CAUSE BEING SHOWN**, let service of this Order to Show Cause upon defendants by _____ 2022 by the following means be deemed good and proper service thereof.

Means of Service order:

_____

_____

_____

_____

US District Court Judge

District of New Jersey

**H. SCOTT GURVEY**
**AMY GURVEY**
*PRO SE* PLAINTIFFS
315 Highland Avenue
Upper Montclair, New Jersey 07043
amygurvey@gmail.com
(973) 655-0991

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____X

H. SCOTT GURVEY & AMY R. GURVEY
PLAINTIFFS PRO SE,

                          CASE NOS.
                          DNJ 18-cv-12702 (SDW)
                          DNJ 20-cv-07831 (SDW)
                          *DNJ 21-cv-16397 (SDW)

                          **AFFIDAVIT IN SUPPORT OF**
                          **ORDER TO SHOW CAUSE**
                          **TO VACATE ORDER OF**
                          **REMAND OF ORECLOSURE**
                          **ACTION ENTERED 4-1-2019**
                          **BASED ON DISQUALIFICATION**
                          **OF THE JUDGE, TO**
                          **CONSOLIDATE DNJ CASES AND**
                          **TO SCHEDULE OSC HEARING**

            *v.*

HON. GLENN A. GRANT, HON(S). THOMAS MOORE,
WAYNE RICHARDSON, JODI LEE ALPER,
ESSEX COUNTY/BOARD OF COUNTY COMMISSIONERS,
M&T NEW YORK BANKING CORPORATION, SCHILLER,
KNAPP, LEFKOWITZ & HERTZEL, LLP A LATHAM NEW YORK
DEBT COLLECTOR, REED SMITH, LLP, AARON BENDER,

       DEFENDANTS.
_____X

```
                                                    X
H. SCOTT GURVEY;
MRS. H. SCOTT GURVEY
AMY GURVEY, fictitious spouse of
H. SCOTT GURVEY,
PRO SE Petitioners/Plaintiffs
                                        [ESSEX COUNTY SUPERIOR
                                        COURT NEW JERSEY]

                                        [LAW DIVISION ESX-L-04337-17]

                                        [CHANCERY DIVISION F-014035-18]

v.

M&T BANK S/B/M TO
HUDSON CITY SAVINGS BANK,
        Respondent/Appellee,

                                                    X
```

Plaintiffs PRO SE H. Scott Gurvey and Amy R. Gurvey, incorporating their Amended Complaint in Case No. 21-cv-16397 granted for service by reference as if fully set forth hereat (**Exhibit 1**), declare to the truth of the following statements in support of their annexed Order to Show Cause ("OSC") seeking that all orders of Judge Susan Wigenton be vacated since the Judge began presiding over Plaintiffs' removal action in August 2018 without disclosing a stock interest in defendant M&T Bank. Plaintiffs now seek that that all orders of Judge Wigenton entered in the three captioned cases, 2018-12702, 20-cv-07831, and 21-cv-16397 vacated and the actions emanating from same nucleus of operative facts be consolidated for adjudication. Plaintiffs also seek that the Court issue an immediate order holding a

hearing because the remanded case has seen a lis pendens entered by the sheriff to conduct a foreclosure sale on Plaintiffs' home. The sale has been adjourned until May 10, 2022, but debt collector Schiller, Knapp, Lefkowitz & Hertzel, LLC continues to issue false, defamatory and misleading press releases that the sale is being conducted on March 15, 2022.

Because Plaintiffs claim that the illegal foreclosure action filed by defendant M&T should have been removed to this Court based on Plaintiffs' removal action timely filed in August 2018, Plaintiffs seek that an order vacating Judge Wigenton's remand order and finding that this Court has jurisdiction to hear the remand petition be immediately entered.

## FACTS IN SUPPORT OF ORDER TO SHOW CAUSE

1. Plaintiffs incorporate by reference their Amended Complaint granted for service as if fully set forth hereat ordered by Hon. Freda L. Wolfson, chief administrative Judge of the District of New Jersey.

2. Per the US Supreme Court, Plaintiffs who are Pro Se litigants and NJ homeowners with a stellar reputation, are entitled to a broad reading of their complaints, motions and opposition papers and reasonable accommodations including not to have their properly filed removal action docketed in August 2018 based on diversity of citizenship and federal question jurisdiction unduly prejudiced both by a presiding Judge concealing stock interest in defendant M&T Bank and clerical errors by Essex County's eCourts officers. *Erickson v. Pardus*, 551 US 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

3.      Plaintiffs' priority lawsuit against defendant M&T was filed June 17, 2017 (ESX-L-04337-17). At that time, defendant M&T was defended by defendants Reed Smith, LLP and Aaron Bender, Esq.. Plaintiff's action sought determinations that defendant M&T had no right to reject Plaintiffs' principal and interest payments, refund payments already cashed and credited for a dispute (fabricated) over property taxes. Plaintiffs in fact had a surplus of tax payments on credit with Montclair Township. Ergo, this is not a case where the bank sued for foreclosure first, but where the mortgagor-Plaintiffs filed the first lawsuit seeking determinations of foreclosure defenses i.e., that defendant M&T was in breach of their 2002 mortgage contract with Hudson City Savings Bank (HCSB") and had no legal right to accelerate the mortgage loan or foreclose.

4      A subsequent illegal foreclosure action was filed on July 5, 2018 by defendant M&T and its Latham, NY debt collector, defendant Schiller, Knapp, Lefkowitz & Hertzel, LLP ("SKLH") in defiance of the HCSB mortgage contract defendant M&T admitted to acquiring in due course during merger proceedings, NJ's Constitution and NJ's Entire Controversy Doctrine, NJ Ct. R. 4:30A

5.      THERE IS CURRENTLY A LIS PENDENS sheriff's sale scheduled for May 15, 2022 based on the improperly remanded foreclosure complaint, adjourned by the sheriff's office from March 15, 2022 to May 10, 2022 to sell Plaintiffs' home.

6.      While defendants M&T and SKLH have actual knowledge of the adjournment, defendants continue to issue, order and place false and misleading

releases in local newspapers that Plaintiffs are in default, when they are not, that the lis pendens sale is still taking place on March 15, 2022, which is false. These acts of fraud and defamation constitute abuse of process, private entity wrongful state action, violations of the Fair Debt Collection Practices Act, 15 USC 1692, and further illegal attempts to collect a debt (that Plaintiffs have contested since 2017 when they filed their priority action in the Law Division, ESX-L-04337-017). *Slorp v. Lerner Sampson and Rothfuss*, 587 Fed. Appx. 249 (6th Cir 2014); *Zebrowski v. Wells Fargo Bank*, 657 F. Supp. 2d 511 (DNJ 2009)

7. In August, 2018, at the time the removal action was timely filed by Plaintiffs, defendants already caused Plaintiffs to lose a certified cash buyer for their home in the amount of $885,000 plus legal, broker and staging fees demonstrating concrete damages, recoverable as treble damages under NJ's Consumer Fraud Act, NJSA 56:8-1,20.

8. In its illegal foreclosure action, defendant M&T **admitted** it is a NY Banking Corporation and only accepts service of process at its corporate headquarters in Buffalo, New York. Defendant M&T **also admitted** it stepped into the shoes of Petitioners' 2002 mortgage lender, Hudson City Savings Bank (HCSB) after extended merger proceedings. Defendant M&T conceded it stopped accepting Petitioners' monthly mortgage payments of principal and interest both online and in person at satellite branch offices, thereby breaching the mortgage contract. Defendant M&T also admitted it attempted to return P&I payments already accepted and cashed that Plaintiffs would not accept back, further breaches of the

same contract. M&T further admitted and the State found that its dispute was over property taxes that cannot result in a default under the HCSB contract or trigger the remedies of acceleration or foreclosure.

9. In further support of this OSC, since Plaintiffs filed for removal in 2018, the Third Circuit found twice in 2018 and 2020 that defendant M&T engaged in securities fraud during the merger proceedings with Hudson City Bancorp, parent of HCSB by failing to disclose a history of consumer fraud and money laundering against its own mortgage and banking customers. *Jaroslawicz v. M&T NY Banking Corporation*, 912 F. 3d 96 (3d Cir. 2018), 962 F. 3d 701 (3d Cir 2020). [3]

10. Defendants M&T and SKLH continued to mail Plaintiffs fraudulent statements with tax payments owed that were not owed, with fraudulent penalties, fees, fines and charges also not owed that equal to the amount of the outstanding mortgage loan. These claims are in Plaintiffs' complaints filed in the Law Division in 2017, and before this Court in 2020 and 2021.

11. The HCSB mortgage contract explicitly states the definition of "default" as the failure to pay the monthly sum of "principal and interest" and no other sum. The only remedy for a dispute over taxes (here fabricated) is a separate lawsuit that is not a foreclosure action, or possibly a deficiency lien.

---

[3] The merger dispute between Hudson City Bancorp and M&T continues before the US Supreme Court with M&T conceding to securities and consumer fraud, and only challenging the standard to be applied in a banking merger. Plaintiffs are HCSB mortgage customers with a stellar record since April 2002 and have never missed a P&I payment, and continue to have consumer fraud and process abused against them by defendant M&T.

12.     Defendant M&T never complied with discovery in the Law Division that was closed in 2018 and could not file an illegal foreclosure to get a second bite at the apple. These issues would be decided by this Court if the foreclosure action was removed, as it should have been.

13.     Defendant M&T continues to transmit fraudulent notices to credit reporting companies falsely alleging that Plaintiffs were and remain in "default" when there was no default, ruining Petitioners' otherwise stellar credit rating and reducing their reputation in the community to rubble.   The fraudulent credit entries were not removed by defendant M&T after notice and proper challenges. They continue in violation of the Fair Credit Reporting Act, 15 USC 1681, et seq., warranting damages.  Moreover, defendant M&T never producing evidence it advanced or mistakenly advanced tax that Plaintiffs don't owe, cannot now force Plaintiffs cannot be forced to pay taxes twice.  Ergo, any alleged payments not established in discovery, were made as a good Samaritan, and defendant M&T must get its refunds from Montclair.

14.     The illegal foreclosure was timely removed by Plaintiffs to this court and should have been maintained in this court and dismissed with prejudice but for Judge Wigenton's failure to recuse herself.

15.     There is no state final judgment inclusive of appeals that would preclude any of Plaintiffs' duly filed actions in this court. A default judgment was entered because eCourts officers in Essex County mis-docketed Plaintiffs' opposition containing an answer and counterclaims as a single entry that admitted was not

read or considered by the Chancery judge when the case was remanded. This was admitted by the Chancery Judge during hearing on February 18, 2022. The transcripts is appended hereto (**Exhibit 3**).

16. Had the remand order not been entered, Chancery would never have been able to enter any orders and Plaintiffs would not be on the brink of losing their home.

17. Plaintiffs other complaints that eCourts officers did not inspect M&T's illegal and foreclosure complaint appending fraudulent documents falsely averring under oath that "no other lawsuit existed between the parties", which are requirements under state law, are part of the same totality of facts that must be adjudicated at the same time to avoid inconsistent judgments and further prejudice to Plaintiffs.

18. At this time, Plaintiffs, who filed the priority lawsuit, are in the horrific position of imminently losing their home before any of their priority foreclosure defenses will be adjudicated by any court of the State.

## MEMORANDUM OF LAW

All orders of Judge Wigenton must be vacated in each of the three cases, based on an undisclosed stock interest in defendant M&T since before 2017.

Plaintiffs' three cases must now consolidated by this Court for adjudication as they arise out of the same nucleus of operative facts.

Pursuant to Third Circuit's decision and order in *Korea Exchange Bank v.*

*Trackwise Sales Corp.*, 66 F. 3d 46 (3d Cir 1995), under 28 U.S.C. § 1447(c), "[a] motion to remand [a] removed case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here the district court had both diversity and federal question jurisdiction.

The face of defendant M&T's illegal foreclosure complaint **admitted** that M&T is a NY banking corporation that only accepts service of process at its headquarters in Buffalo, New York, that Plaintiffs are NJ resident homeowners, and the alleged amount in controversy alleged was $476, 000, six times over the $75,000 minimum requirement for federal jurisdiction. 28 USC §1332. The federal statutory violations by defendants under 15 USC 1681, 15, USC 1692 and 18 USC 1962 confer separate federal question jurisdiction over the removal action under 28 USC § 1331.

Remand orders issued outside the authority granted under 1447(c) are reviewable on appeal. *In re FMC Corp. Packaging Systems Div.*, 208 F.3d 445, 448 (3d Cir. 2000). Under § 1447(c), the District Court has authority to remand based on a defect other than lack of subject matter jurisdiction **only when a timely motion is filed**. *Ariel Land Owners*, 351 F.3d at 613. Here a timely motion was not filed by defendants or Judge Wigenton. Defendant M&T and SKLH did not move to remand until January 2019, five months beyond the statutory deadline after Plaintiffs'

removal action was properly filed in August 2018. Moreover the court itself never moved to remand until April 1, 2019. Therefore, there were two defects in removal procedure, separate from jurisdiction. Separate and apart from Judge Wigenton's failure to disqualify itself immediately, this Court must therefore vacate Judge Wigenton's remand order based on a non-jurisdictional defect because an untimely motion to remand was filed. § 1447(c).

In *Korea Exchange Bank v. Trackwise Sales Corporation*, 66 F. 3d 46 (1995) **as in this case**, there was no dispute that the case could have been filed originally in federal court based on diversity jurisdiction. Defendant M&T and SKLH stated on the face of the foreclosure complaint that M&T is a NY Banking Corporation that only accepts service of process at its headquarters in Buffalo, New York and Plaintiffs are NJ homeowners. The amount in controversy alleged was over $476,000, 6 times more than the jurisdictional requirement of 28 USC 1332. Plaintiffs timely removed the illegal foreclosure complaint. However, neither the court nor defendants M&T and SKLH sought remand without the statutory 30-day deadline after removal was filed, and waited 5 months and 8 months respectively, establishing two defects in removal procedure that were not jurisdictional.

Therefore, the removal by Plaintiffs who were citizens of the state where the action was filed by defendants was not jurisdictional. See also *Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (noting district court lacked authority to remand where motion alleging a procedural defect was filed more than 30 days after filing of notice of removal).

The Third Circuit's policy that section 1441(b)'s bar against removal by a forum-state citizen is not jurisdictional is consistent with the conclusions reached by almost every other court of appeals that has addressed the issue. *See, e.g., In re Shell Oil Co.,* 932 F.2d 1518, 1522 (5th Cir.1991), *cert. denied,* 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); *Hartford Accident & Indem. Co. v. Costa Lines Cargo Serv. Inc.,* 903 F.2d 352, 358–60 (5th Cir.1990); *Farm Constr. Serv., Inc. v. Fudge,* 831 F.2d 18, 21–22 (1st Cir.1987); *Woodward v. D.H. Overmyer Co.,* 428 F.2d 880, 882 (2d Cir.1970), *cert. denied,* 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971); *Handley–Mack Co. v. Godchaux Sugar Co.,* 2 F.2d 435, 436–37 (6th Cir.1924); *see also Bregman v. Alderman,* 955 F.2d 660, 663 (11th Cir.1992); *contra Hurt v. Dow Chemical Co.,* 963 F.2d 1142, 1145–46 (8th Cir.1992). This same position is endorsed by several leading commentators. See 1A James W. Moore, et al., *Moore's Federal Practice* ¶ 0.157[11.–4], at 173 (2d ed. 1990) (noting that "an irregularity in removal is waivable" and citing as an example "where there is diversity but the defendant is a citizen of the state in which the action is brought"); William W. Schwarzer, et al., *Federal Civil Procedure Before Trial,* ¶ 2:629 (1994) (noting that the "no-local-defendant" limitation of 28 U.S.C. § 1441(b) is not jurisdictional and may be waived).  See also, in accord, <u>Green Tree Loan Servicing v. Cargille</u>, 662 Fed. Appx. 118 (3d Cir. 2016).

It follows irrefutably that the district court in this case had no statutory authority to issue the remand order after the mandated 30–day period because the defect was in the removal procedure rather than a lack of subject matter

jurisdiction, which could be raised at any time. Moreover, Judge Wigenton issued after her recusal was mandatory and the docket in 18-12702 establishes that Judge Wigenton found on March 29, 2019 that Plaintiffs had not docketed a response to the Magistrate's report and recommendation, when Plaintiffs' response was timely docketed and date stamped by the clerk on March 28, 2019, within the fourteen days set by the Magistrate.

WHEREFORE, FOR THESE REASONS, Plaintiffs respectfully pray that all orders of Judge Wigenton in all three cases, including in the remand order in Plaintiffs' removal action be vacated, and that the foreclosure complaint be removed to this court and that all three cases filed by Plaintiffs be consolidated for adjudication.

Sworn to before me this
10th day of March 2020
Montclair, NJ

H. SCOTT GURVEY

AMY R. GURVEY

PLAINTIFF PRO SE

*[Notary signature]*
3/10/2022

BENJAMIN SHOOTER
Notary Public, State of New Jersey
My Commission Expires 8/9/2026