UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |
|---|---|

March 17, 2022

VIA ECF
Counsel of Record

VIA CERTIFIED MAIL
H. Scott Gurvey
Amy Gurvey
315 Highland Avenue
Upper Montclair, New Jersey 07043

**LETTER ORDER**

Re:   M&T Bank v. H. Scott Gurvey, et al.
      H. Scott Gurvey, et al. v. M&T Bank, Inc., et al.
      H. Scott Gurvey, et al. v. Hon. Glenn A. Grant, et al.
      **Civil Action Nos. 18-12702, 20-7831, 21-16397**

Dear Litigants:

   The Court is in receipt of Plaintiffs Amy Gurvey's and H. Scott Gurvey's ("Plaintiffs") Request for an "Order to Show Cause to Vacate Orders of Disqualified Judge, Consolidate DNJ Cases, and to Schedule OSC Hearing," which Plaintiffs simultaneously filed in each of the above cases. Plaintiffs request the following relief: (1) vacatur of all orders entered by the Honorable Susan D. Wigenton, U.S.D.J. ("Judge Wigenton") in the above cases;[1] (2) consolidation of each

---

[1] Plaintiffs' requested relief pertains to three actions formerly before Judge Wigenton, each of which was reassigned to the undersigned in February or March, 2022.

In the first action, M&T Bank ("M&T") filed a complaint against Plaintiffs in New Jersey Superior Court ("Superior Court") on July 5, 2018, seeking to foreclose on property owned by Plaintiffs. See M&T Bank v. Gurvey, No. 18-12702 (D.N.J.) (the "Foreclosure Action"), ECF No. 1.1. After Plaintiffs removed the Foreclosure Action, Judge Wigenton remanded it for lack of subject matter jurisdiction on March 29, 2019, id., ECF No. 15, and denied Plaintiffs' motion for reconsideration on April 1, 2019, id., ECF No. 19.

Second, Plaintiffs filed a complaint on June 25, 2020 against M&T and its attorneys, alleging federal statutory and pendent state law claims arising from conduct related to the foreclosure. See Gurvey v. M&T Bank, Inc., No. 20-7831 (D.N.J.) (the "First Federal Action"), ECF No. 1. On December 17, 2020, Judge Wigenton abstained from the First Federal Action pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), based on the existence of parallel state actions concerning the same subject matter. Id., ECF No. 21.

Third, on September 1, 2021, Plaintiffs filed a new complaint seeking, among other things, injunctive relief declaring the "eCourts" system utilized in the New Jersey state court system unconstitutional. See Gurvey v. Grant, No. 21-

case for further proceedings; and (3) an immediate stay of a sheriff's sale on Plaintiffs' house, currently scheduled for May 5, 2022.[2] Under Local Civil Rule 65.1(a), a plaintiff may "apply for an order requiring an adverse party to show cause why a preliminary injunction should not issue" upon a "clear and specific showing by affidavit . . . of good and sufficient reasons why a procedure other than by notice of motion is necessary."

First, Plaintiffs' request for an immediate stay of the sheriff's sale is denied. Plaintiffs do not clearly articulate a basis for an injunction but appear to argue that Judge Wigenton's order to remand the Foreclosure Action must be vacated, and that had the Foreclosure Action not been remanded, the New Jersey Superior Court could not have entered a judgment of foreclosure.[3] See Affidavit in Support of Order to Show Cause ("Gurvey Aff.") ¶¶ 14, 16, ECF No. 14. However, once a case is remanded to state court for lack of subject matter jurisdiction, this Court lacks jurisdiction to review the remand order. Agostini v. Piper Aircraft Corp., 729 F.3d 350, 352–53, 355-56 (3d Cir. 2013); see also 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."). Thus, the Court has no ability to reconsider or vacate Judge Wigenton's Order remanding the Foreclosure Action.[4] Plaintiffs' application is denied as it pertains to the Foreclosure Action or the pending sheriff's sale.

Second, the Court construes Plaintiffs request to vacate prior orders in the First Federal Action as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), which permits relief from judgment for "any other reason that justifies relief." See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988). As it pertains to the First Federal Action, Plaintiffs have provided no explanation, much less a "clear and specific showing," as to why an immediate preliminary injunction is necessary. The Court will therefore decide Plaintiff's Motion in the ordinary course. The defendants named in the First Federal Action are directed to respond to Plaintiffs' motion no later than **April 1, 2022**, and Plaintiffs shall file any reply by **April 8, 2022**.

Third, with respect to the Second Federal Action, Plaintiffs asks the Court to vacate Judge Wigenton's order denying its motion for an preliminary injunction stating that New Jersey's eCourts filing system unconstitutional. While Plaintiffs have submitted an affidavit making vague allusions to errors made by "eCourts officers," Gurvey Aff. ¶¶ 2, 15, they have failed to clearly and specifically explain the alleged irreparable harm they will suffer unless the Court immediately grants relief.[5] See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) ("A plaintiff

---

16397 (D.N.J.) (the "Second Federal Action"), ECF No 1. On September 8, 2021, Judge Wigenton denied Plaintiffs' motion for a preliminary injunction in the Second Federal Action for lack of irreparable harm. Id., ECF No. 4.

[2] Plaintiffs' request is docketed at ECF No. 29 in the Foreclosure Action, ECF No. 55 in the First Federal Action, and ECF No. 14 in the Second Foreclosure Action. For ease of reference, the Court hereafter refers only to the filings electronically docketed in the Second Federal Action.

[3] Plaintiffs have submitted a Final Judgment of Foreclosure entered by the Superior Court on December 7, 2021. See ECF No. 14.1, at 111.

[4] The Court also lacks jurisdiction to directly review or vacate the Judgment of Foreclosure under the Rooker-Feldman doctrine. See Gage v. Wells Fargo Bank, NA AS, 521 F. App'x 49, 51 (3d Cir. 2013).

[5] Plaintiffs appear to argue that the alleged errors resulted in the entry of a default foreclosure judgment against then. Gurvey Aff. ¶ 15. Again, to the extent Plaintiffs ask to vacate the Judgment of Foreclosure based on alleged errors committed in Superior Court, this Court lacks jurisdiction to grant such relief.

2

seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Plaintiffs' request for an order to show cause is therefore denied as it pertains to the Second Federal Action, without prejudice to Plaintiffs renewing their substantive arguments once the defendants named in the Second Federal Action have been properly served[6] and the case progresses.

Finally, Plaintiffs' request to consolidate the Foreclosure, First Federal, and Second Federal Actions is denied as moot, as only the Second Federal Action is presently active and pending before this Court.

\* \* \*

In sum, Plaintiffs' request for issuance of an order to show cause is denied with respect to the Foreclosure Action and Second Federal Action. With respect to the First Federal Action, the Court construes Plaintiffs' application as a motion for relief from judgment pursuant to Rule 60(b) and directs the defendants named therein to respond by **April 1, 2022**. Plaintiffs shall file any reply by **April 8, 2022**. Plaintiffs' requests for consolidation and to enjoin a pending sheriff's sale are denied. The Clerk of Court is directed to serve a copy of this Order on Plaintiffs via Certified Mail.

**SO ORDERED.**

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[6] No defendant has yet appeared in the Second Federal Action.